IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD FRANKLIN, on behalf of Dorothy Franklin, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-097-RGA |
| STATE OF DELAWARE, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff appears *pro se* and has filed this lawsuit on behalf of his mother, Dorothy Franklin. (D.I. 2). Plaintiff alleges that his mother's civil rights were taken from her because of her medical condition. (*See* D.I. 2-1 at Civil Cover Sheet). On January 19, 2018, Plaintiff filed a motion for injunctive relief to stop all contractor work in his mother's house. (D.I. 6).

2. **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must

1

be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

3. Plaintiff's request does not meet the requisites for injunctive relief. Plaintiff has failed to show a likelihood of success on the merits, and has failed to demonstrate irreparable harm. In fact, as written, it is difficult to discern exactly what type of injunctive relief Plaintiff seeks. Therefore, the Court will deny the motion. (D.I. 6).

4. **Non-Attorney**. Plaintiff is not an attorney. As a non-attorney, he may not act as an attorney on behalf of his mother and may only represent himself in this court. 28 U.S.C. § 1654; see also Osei-Afriye v. The Medical College of Pennsylvania, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing pro se may not act as attorney for his children). If Dorothy Franklin is the real party in interest, then she must either appear or retain an attorney to represent her. Plaintiff may not represent his mother.

5. **Filing Fee**. Plaintiff was denied leave to proceed in forma pauperis and, as a result he paid the filing fee. (D.I. 5). It has come to Court's attention that Plaintiff's check was return for insufficient funds. (D.I. 10). Plaintiff is required to pay the filing fee pursuant to 28 U.S.C. § 1914 plus a fee for the payment denied for denied for insufficient funds. (See id.).

6. **Conclusion**. For the above reasons, (1) the Court will deny the motion for injunctive relief (D.I. 6), (2) Dorothy Franklin must enter her appearance or retain counsel; and (3) the filing fee must be paid. A separate order shall issue.